(79 South. 212)

No. 22984.

LOUISIANA RY. & NAV. CO. v. RAILROAD COMMISSION OF LOUISIANA.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

RAILROADS ⬬225—CONSTRUCTION AND OPERATION—MAINTENANCE OF PRIVATE SPUR.

Where plantation owner contracted for private spur track between two regular shipping stations, each less than two miles away from the spur, spur being accessible to public only by private road, railroad could not be required to maintain spur at own expense, on ground of increase of traffic.

Appeal from Twenty Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Suit by the Louisiana Railway & Navigation Company against the Railroad Commission of Louisiana.  From a judgment for plaintiff, defendant appeals.  Affirmed.

W. M. Barrow, Asst. Atty. Gen., for appellant.  Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

PROVOSTY, J.  The plaintiff company and Mr. Blakewood entered into a contract by which Mr. Blakewood was to do the grading and furnish cross-ties for the construction and maintenance of a spur on his plantation for the use of his cotton gin, and otherwise for his exclusive use, and the plaintiff company was to furnish the other necessary materials and have the work done.  The contract contains many stipulations not necessary to be here recited.  This was in 1906.

In the course of time, Mr. Blakewood refusing to furnish cross-ties needed for repairing the spur, which had become unsafe, the plaintiff company closed it. Thereupon Mr. Blakewood, and others of that neighborhood who found the spur convenient, obtained an order from the defendant commission to the plaintiff company to maintain the spur. There is a regular station, with all shipping facilities, 1.6 miles above this spur, and another 1.9 miles below it. The spur is inaccessible to the public, except by a private road, which, of course, the owner may close at any time. The contention is that the traffic there has become so great as to justify the railroad's having to maintain this spur at its sole expense in the interest of the public. This traffic is stated with exactness from the records of the plaintiff company. From July 1, 1915, to June 30, 1916, it consisted of three cars of cotton seed and two cars of cane shipped by Mr. Blakewood; and from June 30, 1916, to June 30, 1917, it consisted of two cars of cotton seed and four cars of cane shipped by Mr. Blakewood, and one car of lumber and two cars of live stock and household goods received by a Mr. Bond, and, as we understand, one other car of lumber. These years were the two immediately preceding the hearing of this case before the defendant commission. The spur is necessary, it will be remembered, only for carload shipments. Mr. Bond was moving into that neighborhood; hence the shipments to him.

We see in this spur nothing but a plantation spur, for the private benefit, virtually, of Mr. Blakewood, and which, therefore, he should contribute towards the maintenance of, according to his contract. No good reason can be given why, if the plaintiff railroad is to maintain this spur at its sole expense, it should not do the same with all the plantation spurs along its line, and all the other railroads do the same with all the private spurs along their lines. Most of these private spurs do many times the volume of carload traffic that this spur appears to have been doing.

We do not see that, for traffic other than carload, the plaintiff company should be required to furnish greater facilities than it has done already; the regular public traffic stations in that neighborhood being less than 4 miles apart, or either one less than 2 miles distant from this spur.

The judgment appealed from, annulling said order, is affirmed, at the costs of defendant.

O'NIELL, J., concurs, except as to costs.